**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHARLES GILLISPIE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-CV-00744** |
| | § | |
| **UNITED PROFESSIONAL SERVICES, LTD.,** | § | |
| **Defendant.** | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Charles Gillispie ("Plaintiff"), complaining of and about United Professional Services Ltd. ("Defendant"), and for cause of action would respectfully show the Court as follows:

## PARTIES AND SERVICE

1. Plaintiff Charles Gillispie ("Plaintiff") is a resident of Tarrant County, Texas.

2. Defendant United Professional Services Ltd. ("Defendant" or "United") is a Texas business entity doing business in the State of Texas and may be served through its registered agent or by serving its principal office located at 1209 Cantrell Sansom Road, Building 5, Fort Worth, Texas 76131, or wherever it may be found. ***Issuance of a summons is hereby requested.***

## JURISDICTION & VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.

4. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant

to 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as Plaintiff's federal claims.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Tarrant County, Texas, which lies within the Northern District of Texas, Fort Worth Division.

## NATURE OF ACTION

6. This is an employment discrimination and retaliation action brought pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., and Chapter 21 of the Texas Labor Code.

7. Plaintiff alleges that Defendant subjected him to discrimination because of his age, created and maintained a hostile work environment based upon age, treated him differently than younger employees, retaliated against him after he complained about unlawful conduct and age-based treatment, and ultimately terminated his employment because of his age and in retaliation for his protected activities.

8. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered lost wages, lost benefits, emotional distress, mental anguish, humiliation, inconvenience, and other compensatory damages.

## CONDITIONS PRECEDENT

9. All conditions precedent to jurisdiction have occurred or been complied with as a charge of discrimination was filed with the Equal Employment Opportunity Commission within three hundred days of the acts complained of herein, and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## STATEMENT OF FACTS

10. Plaintiff Charles Gillispie is a male who was born on April 23, 1980. At all times relevant to this lawsuit, Plaintiff was over the age of forty and was therefore a member of a protected class under the Age Discrimination in Employment Act ("ADEA").

11. Defendant United Professional Services Ltd. employed Plaintiff as a truck driver in Tarrant County, Texas.

12. Plaintiff possessed substantial experience in the construction and industrial services industry and was qualified to perform the duties assigned to him by Defendant.

13. During his employment, Plaintiff performed his job duties in a satisfactory manner and met Defendant's legitimate expectations.

14. Shortly after beginning his employment, Plaintiff began experiencing age-based comments and treatment from Defendant's management.

15. Plaintiff's manager, Tracy Clark, repeatedly made comments suggesting that Plaintiff was "too old" for the workplace and otherwise made remarks regarding Plaintiff's age.

16. Defendant's management treated Plaintiff differently than younger employees and subjected Plaintiff to increased scrutiny and criticism because of his age.

17. For example, Plaintiff was reprimanded and criticized for matters for which younger employees were not similarly disciplined.

18. Plaintiff was frequently singled out regarding the condition of company vehicles, despite other employees maintaining vehicles in similar condition.

19. Plaintiff was subjected to hostile comments regarding his appearance, age, and physical condition.

20. The age-related comments and treatment made Plaintiff's work environment

intimidating, hostile, and abusive.

21. Plaintiff complained to Defendant's management regarding the treatment he was receiving and expressed concerns that he was being treated unfairly because of his age.

22. Plaintiff specifically complained to Defendant's management that he believed he was being subjected to age-based discrimination and age-related harassment because of his age.

23. Rather than addressing Plaintiff's concerns, Defendant retaliated against Plaintiff by increasing its scrutiny of Plaintiff and continuing the age-based harassment.

24. On one occasion, Plaintiff became aware that another company driver had recently received a DWI charge while operating a company vehicle.

25. Plaintiff reported his concerns regarding the matter to management.

26. After raising those concerns, Plaintiff was threatened and told to mind his own business.

27. Defendant's management further responded by criticizing Plaintiff and continuing its pattern of hostile treatment.

28. Throughout his employment, Defendant treated younger employees more favorably than Plaintiff with respect to discipline, criticism, and workplace treatment.

29. The age-based comments, disparate treatment, and retaliatory conduct created a hostile work environment and materially altered the terms and conditions of Plaintiff's employment.

30. Defendant ultimately terminated Plaintiff's employment.

31. Defendant contended that Plaintiff was terminated for alleged performance-related reasons.

32. Defendant's stated reasons for termination were false, pretextual, and not the true

reasons for the adverse employment action.

33. Younger employees who engaged in similar conduct were not subjected to the same level of scrutiny, discipline, or termination.

34. Defendant's actions were motivated, at least in part, by Plaintiff's age and by Plaintiff's opposition to and complaints regarding age-based discrimination, age-related harassment, and disparate treatment in the workplace.

35. As a direct and proximate result of Defendant's conduct, Plaintiff suffered lost wages, lost employment opportunities, emotional distress, mental anguish, humiliation, inconvenience, and other damages.

**AGE DISCRIMINATION (ADEA)**

36. Plaintiff incorporates all preceding paragraphs herein.

37. The Age Discrimination in Employment Act of 1967, 81 Stat. 602, states: "it shall be unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; or to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of age."

38. Plaintiff was over the age of forty (40) at all times relevant to this lawsuit and is therefore a member of a protected class under the ADEA.

39. Plaintiff was qualified for his position as a truck driver and performed his duties satisfactorily. Plaintiff possessed substantial industry experience and performed the duties assigned to him by Defendant.

40. Plaintiff suffered adverse employment actions, including disparate treatment, harassment, increased scrutiny, and ultimately termination of his employment.

41. Throughout Plaintiff's employment, Defendant's management repeatedly made comments concerning Plaintiff's age. Plaintiff was told that he was "too old" for the work environment and was subjected to comments and criticism related to his age.

42. Defendant's manager, Tracy Clark, repeatedly referenced Plaintiff's age in a negative manner and treated Plaintiff less favorably than younger employees.

43. Plaintiff was subjected to harsher criticism and discipline than younger employees for similar conduct.

44. Defendant frequently singled Plaintiff out regarding the condition of company vehicles while failing to similarly criticize younger employees who maintained vehicles in comparable condition.

45. Defendant's management further referred to Plaintiff as "old," "old and nosy," and otherwise made age-related comments designed to demean and belittle Plaintiff in the workplace.

46. Plaintiff complained about the treatment he was receiving and expressed concerns regarding Defendant's conduct.

47. Rather than addressing Plaintiff's concerns, Defendant continued its discriminatory treatment and subjected Plaintiff to additional scrutiny and criticism.

48. Defendant treated younger employees more favorably than Plaintiff with respect to discipline, criticism, and workplace treatment.

49. The repeated age-based comments, disparate treatment, and increased scrutiny created an objectively hostile and abusive work environment and altered the terms and conditions of Plaintiff's employment.

50. Defendant ultimately terminated Plaintiff's employment.

51. Defendant has asserted that Plaintiff was terminated for performance-related reasons. However, Defendant's stated reasons are false, pretextual, and not the true reasons for its actions.

52. The timing of Defendant's actions, the repeated age-based remarks, the disparate treatment of younger employees, and Defendant's pattern of conduct toward Plaintiff demonstrate that age was a motivating factor in Defendant's decisions.

53. Plaintiff would not have been subjected to the adverse employment actions described herein but for his age.

54. Defendant's actions constitute unlawful age discrimination in violation of the Age Discrimination in Employment Act.

55. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, lost benefits, emotional distress, mental anguish, humiliation, inconvenience, and other damages.

**RETALIATION – ADEA**

56. Plaintiff incorporates all preceding paragraphs.

57. The Age Discrimination in Employment Act prohibits an employer from discriminating against an employee because the employee has opposed practices made unlawful by the ADEA or because the employee has participated in proceedings or investigations concerning age discrimination.

58. To establish a claim for retaliation under the ADEA, a plaintiff must show that: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action.

59. Plaintiff engaged in protected activity when he complained to Defendant's management regarding age-based comments, age-based harassment, and the disparate treatment he was experiencing because of his age.

60. Plaintiff communicated his concerns directly to management and opposed conduct that he reasonably believed violated the ADEA.

61. Defendant was aware of Plaintiff's protected activity because Plaintiff's complaints were made directly to management personnel responsible for supervising Plaintiff and making employment decisions affecting him.

62. After Plaintiff complained about age-based treatment and age-related comments, Defendant subjected Plaintiff to increased scrutiny, criticism, and hostility.

63. Defendant's management became increasingly hostile toward Plaintiff after he voiced concerns regarding the discriminatory treatment he was experiencing.

64. Following Plaintiff's complaints, Defendant closely scrutinized Plaintiff's work performance, criticized Plaintiff more frequently, and treated Plaintiff less favorably than similarly situated younger employees.

65. Defendant's conduct would have dissuaded a reasonable employee from opposing discriminatory conduct in the workplace.

66. Defendant ultimately terminated Plaintiff's employment.

67. The temporal proximity between Plaintiff's complaints and Defendant's adverse actions supports an inference of retaliation.

68. Defendant's increased scrutiny, continued harassment, disparate treatment, and eventual termination occurred after Plaintiff opposed what he reasonably believed to be unlawful age discrimination.

69. Defendant has asserted legitimate reasons for its actions. However, those reasons are false, pretextual, and not the true reasons for the adverse employment actions taken against Plaintiff.

70. Defendant's explanations are undermined by its pattern of hostility toward Plaintiff following his complaints, its disparate treatment of younger employees, and the timing of the adverse employment actions.

71. But for Plaintiff's protected activity, Defendant would not have subjected Plaintiff to the adverse employment actions described herein.

72. Defendant's conduct constitutes unlawful retaliation in violation of the Age Discrimination in Employment Act.

73. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered lost wages, lost benefits, emotional distress, mental anguish, humiliation, inconvenience, and other damages.

**HOSTILE WORK ENVIRONMENT (TCHRA)**

74. Plaintiff incorporates all preceding paragraphs herein as if set forth at length.

75. Plaintiff asserts a violation of Tex. Lab. Code 21.051 under the Texas Commission on Human Rights Act (TCHRA). The code states:

> "An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:
>
> (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or
>
> (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee."

76. A hostile-work-environment claim is designed to address conduct that is so severe or pervasive that it destroys an employee's opportunity to succeed in the workplace. *Gardner*, 414 S.W.3d at 382 (citing *City of Houston v. Fletcher*, 166 S.W.3d 479, 489 (Tex. App. Eastland 2005, pet. denied)).

77. To succeed on a TCHRA claim of hostile work environment, the complained-of conduct must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Waffle House, Inc.*, 313 S.W.3d at 806 (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986)).

78. Plaintiff was over the age of forty and therefore a member of a protected class under the TCHRA.

79. Throughout his employment, Plaintiff was subjected to repeated age-based comments and harassment by Defendant's management.

80. Defendant's management repeatedly referred to Plaintiff as "too old," "old and nosy," and made other derogatory comments concerning Plaintiff's age.

81. On multiple occasions, Plaintiff was told that he was "too old" for the workplace and was subjected to comments suggesting that his age made him less capable than younger employees.

82. Defendant's management further made comments implying that Plaintiff was "too old and dumb to figure things out" and otherwise ridiculed Plaintiff because of his age.

83. These comments were unwelcome and were directed toward Plaintiff because of his age.

84. In addition to the age-based remarks, Defendant subjected Plaintiff to heightened scrutiny, excessive criticism, and disparate treatment that was not imposed upon younger employees.

85. Plaintiff was frequently singled out for criticism regarding company vehicles, work performance, and workplace issues, while younger employees engaged in similar conduct without receiving comparable criticism or discipline.

86. Defendant's management routinely undermined Plaintiff in front of coworkers, embarrassed Plaintiff in the workplace, and created an atmosphere in which Plaintiff was treated as less capable because of his age.

87. The harassment was not isolated or sporadic. Rather, it occurred repeatedly throughout Plaintiff's employment and became a regular part of Plaintiff's work environment.

88. Plaintiff complained about the age-based comments and treatment, but Defendant failed to take prompt remedial action to stop the harassment.

89. Instead of correcting the conduct, Defendant permitted the harassment to continue and subjected Plaintiff to additional scrutiny and criticism.

90. The repeated age-based comments, humiliation, ridicule, criticism, and disparate treatment unreasonably interfered with Plaintiff's ability to perform his job duties and altered the terms and conditions of his employment.

91. Defendant's conduct created an objectively hostile, intimidating, offensive, and abusive work environment.

92. A reasonable person in Plaintiff's position would have found the work environment hostile and abusive.

93. Plaintiff subjectively perceived the work environment to be hostile and abusive.

94. The age-based harassment was sufficiently severe and pervasive to destroy Plaintiff's opportunity to succeed in the workplace and to alter the conditions of Plaintiff's employment.

95. Defendant knew or should have known of the unlawful harassment because the conduct was committed by management personnel and because Plaintiff complained about the conduct.

96. Defendant failed to take prompt and effective remedial action to stop the harassment.

97. Defendant's conduct constitutes unlawful age-based hostile work environment discrimination in violation of Chapter 21 of the Texas Labor Code.

98. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered emotional distress, mental anguish, humiliation, inconvenience, lost wages, lost employment opportunities, and other damages.

## RESPONDEAT SUPERIOR AND RATIFICATION

99. Whenever in this Complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant’s officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant’s officers, agents, servants, employees, or representatives.

## DAMAGES

100. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a. All reasonable and necessary Attorneys’ fees incurred by or on behalf of Plaintiff;

b. Back pay from the date of Plaintiff’s termination and interest on the back pay in an

amount to compensate Plaintiff as the Court deems equitable and just;

c. All reasonable and necessary costs incurred in pursuit of this suit;

d. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

e. Inconvenience;

f. Interest;

g. Mental anguish in the past;

h. Mental anguish in the future;

i. Loss of benefits;

j. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish (past and future), and loss of enjoyment of life;

k. Prejudgment and post judgment interest as allowed by law; and

l. Any and all other relief to which Plaintiff may show himself justly entitled.

**SPECIFIC RELIEF**

101. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a. Neutral job reference;

b. An injunction against Defendants prohibiting discriminatory employment practices on the basis of age and protected activity;

c. An order requiring Defendant to implement training for all managerial personnel regarding age discrimination, age-based harassment, retaliation, and employee rights under the Age Discrimination in Employment Act and Chapter 21 of the Texas Labor Code; and

d. Such other and further equitable relief as the Court deems just and proper to fully redress the harm suffered by Plaintiff.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Charles Gillispie, respectfully

prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**

Respectfully submitted,

/s/ Ali Crocker Russell
Ali Crocker Russell
State Bar No. 24098868
ali@cralawfirm.com

CROCKER RUSSELL & ASSOCIATES
200 W. Oak Street
Mansfield, Texas 76063
Tel: (817) 482-6570
Fax: (682) 232-1850

**ATTORNEY FOR PLAINTIFF**